## THE CITY OF JACKSONVILLE
### v.
## LIDA E. AKERS.

CONTRACT—REGULATIONS RESPECTING TEACHERS IN SCHOOLS.—Appellee was first appointed a teacher in the colored school of appellant, which she declined.    Afterward she was appointed a teacher in the white school, which appointment she accepted, as per notice, "subject to the requirements, etc., of the board of education."    Being afterward assigned to the colored school, she refused to teach. *Held*, that the "requirements" referred to in the notice of the appointment were a part of the contract, and as these gave the board of education power to assign teachers to any school, her refusal amounted to a rescission of the contract.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.    Opinion filed September 26, 1882.

Mr. CHARLES A. BARNES and Mr. WM. H. BARNES, for appellant; that if a person wrongfully discharged from employment, procures other employment from which he receives wages, the measure of damages for a breach of the contract is the difference between the contract price and what he has received under the new employment, and if both are equal, then he is entitled to nominal damages only, cited Williams v. Chicago Coal Co. 60 Ill. 149; Trustees v. Shaffer, 63 Ill. 243; Hamlin v. Race, 78 Ill. 422;    2 Greenl'f's Ev. § 261; Sedgwick on Damages, 416.

Where damages are unliquidated, interest can not be recovered:    Dowling v. Stewart, 3 Scam. 193; Buckmaster v. Grundy, 3 Gilm. 626; Kelderhouse v. Saveland, 1 Bradwell, 65.

In the absence of a contract, interest can not be recovered except in cases provided by the statute: Chicago v. Allcock, 86 Ill. 384;    Ill. Cent. R. R. Co. v. Cobb, 72 Ill. 148; Aldrich v. Dunham, 16 Ill. 403.

A municipal corporation is not liable to pay interest, except by express agreement: City of Pekin v. Reynolds, 31 Ill. 530; Chicago v. The People, 56 Ill. 334.

Messrs. KETCHAM & HATFIELD, for appellee; that where the evidence is conflicting, the verdict will not be disturbed, cited Bloom v. Crane, 24 Ill. 48; Sullivan v. Dollins, 13 Ill. 85; Connelly v. The People, 81 Ill. 379; Papineau v. Belgarde, 81 Ill. 61; Gilbert v. Bone, 79 Ill. 341; Plummer v. Rigdon, 78 Ill. 222; Miller v. Balthasser, 78 Ill. 302; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Chapman v. Burt, 77 Ill. 337; Summons v. Stark, 76 Ill. 208; Kightlinger v. Egan, 75 Ill. 141; Lonergan v. Courtney, 75 Ill. 580; Jasper v. Dieden, 73 Ill. 612; Wiggins Ferry Co. v. Higgins, 72 Ill. 517; Reynolds v. Palmer, 70 Ill. 288; Simmons v. Waldron, 70 Ill. 281.

HIGBEE, J. Appellee brought this suit against appellant to recover on a contract to teach in one of the public schools in said city, alleging a contract of employment and a refusal to permit her to teach according to its terms.

On the trial below appellee recovered a judgment, which appellant seeks to reverse on appeal to this court.

By the charter of appellant a school system was provided for, to be under the management and supervision of four directors, with the mayor of the city, who was made *ex officio* a member of the board. These directors were authorized by the charter to determine the number, employ, appoint and fix the compensation of all teachers in the public schools of the city, to pass by-laws, rules and regulations, to carry their powers into execution for the government of said board, its officers, agents and teachers, and the management of said schools.

Under this authority, the board of trustees on the 24th day of June, 1867, adopted the following rules which still remain in force:

"SEC. 3. Teachers elected by the board may be required to teach in any public school, or in the department that, in the judgment of the board, the interests of the school may demand.

"SEC. 6. Teachers on being notified of their election shall signify their acceptance in writing, within one week

City of Jacksonville v. Akers.

of the reception of the notice, otherwise their places will be considered vacant, and may be filled at the pleasure of the board."

Appellee had taught in the public schools of appellant several years previous to 1875. On the 7th day of June, 1875, she was appointed by the board a teacher in the fourth ward branch (colored) for the ensuing year, which appointment she declined.

On the 21st day of the same month the board again met and appointed appellee a teacher in the second grade of the fourth ward school (white) for the ensuing year.

The following notice was furnished appellee of her appointment :

BOARD OF EDUCATION.

CLERK'S OFFICE, JACKSONVILLE, Ill., June 22d, 1875.
To MISS LIDA E. AKERS,

You are hereby notified that on the 21st day of June, 1875, you were appointed a teacher in the fourth ward school of the city of Jacksonville, subject to the requirements, rules and regulations, of the board of education.

Very respectfully,
B. R. UPHAM, Clerk.

Which notice was returned to the clerk with the following indorsement on the same paper, by appellee :

I, Lida E. Akers, do hereby accept the position indicated in the above appointment, and do consent and accede to the conditions therein named.    ·    LIDA E. AKERS.
Dated, Jacksonville, Illinois, this 24th day of June, 1875.

On the 20th day of August following, the board revoked its order of the 21st of June, and decided to leave the appointment of appellee stand as provided by the order of the 7th of June. The pay of both positions was the same, $500 per annum.

In September, appellee appeared in school and offered to teach in the white school according to the assignment of the 21st of June, but utterly refused to teach in the colored school according to the assignment of the 7th of June, which position was offered her and kept open for her, the balance of the school year.

Again on the 14th day of September the board assigned appellee to the branch school (colored) of the 4th ward.

By the express terms of the contract the rules and regulations of the board were to be binding on appellee, and the rule in force when the contract was made, that the directors might require teachers employed by them to teach in any department that, in the judgment of the board, the best interests of the schools might demand, was as much a part of the contract, and as binding on appellee as if it had been written in the contract at length, before it was signed by her.

It is no answer to this position that she says she did not know of the existence of the rule. Her attention was called to the rules and regulations by the notice of her appointment, and she should have informed herself as to their nature and effect before agreeing to be bound by them.

The colored department had been established long before appellee was engaged to teach, and she well knew that it was as much the duty of the board, by law, to cause this school to be taught, as any other in the city, and although she at first refused the service, she subsequently contracted in writing to teach in any department that, in the judgment of the board, the best interests of the school should demand of her.

This she has refused to do, and can have no standing in a court of law in a suit upon the contract.

Judgment reversed.